UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                              :
ANISHA MOORE,
                                              : **MEMORANDUM DECISION AND**
                       Plaintiff,   : **ORDER**

              - against -     : 19-cv-5305 (BMC)

COMMISSIOENR OF SOCIAL SECURITY,
                       Defendant. :

------------------------------------------------------------ X

**COGAN,** District Judge.

     Plaintiff Anisha Moore brings this *pro se* action naming the Commissioner of Social Security as the only defendant. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is hereby dismissed, but plaintiff is granted 20 days' leave to amend the complaint.

## BACKGROUND

     The complaint is filed on a form complaint for social security appeals, but plaintiff does not allege that she received a final decision from the Social Security Administration. Rather, she states that she requested a hearing, but was denied. She does not explain why she requested a hearing or what it was about. She answers "unknown" to the date she requested a hearing, the date the ALJ denied her claim, the date the Appeals Council affirmed the ALJ's denial, and the date that she received the Appeals Council's letter informing her of its affirmance.

Plaintiff further alleges that "every time" she goes to 1510 Hyland Boulevard (which a google search suggests is a Social Security office), "they claim I'm on Homeland Security." She asks this Court to take her "off of Homeland Security as soon as possible."

## **DISCUSSION**

Federal courts are required to give extra consideration to litigants who are not attorneys and are representing themselves. In reading a *pro se* complaint, the court must look for the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations omitted). At the beginning of the civil action, the court must assume that "all well-pleaded, nonconclusory factual allegations" in the complaint are true. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009)). However, the complaint must include sufficient facts to state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff fails to state a claim for relief for each of her possible causes of action. Moreover, plaintiff has not even alleged sufficient facts to show that the Court can maintain jurisdiction over the action. For the Social Security appeal, plaintiff has not confirmed that she had previously received a hearing with an Administrative Law Judge or that, upon receiving a decision from the Administrative Law Judge, she requested and received review of

that decision by the Appeals Council. In short, plaintiff has not shown that she's exhausted the required administrative remedies before she can bring this action in a district court. See Heckler v. Day, 467 U.S. 104, 106 (1984).

For plaintiff's claim regarding Homeland Security, she does not name any individual who harmed her. Her only claim is that "they," who are not identified, claim that she is "on Homeland Security." It is not clear whether this is a reference to Social Security benefits or if she means to say that she is on a watchlist of the Department of Homeland Security. Accordingly, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

In light of plaintiff's *pro se* status, the Court grants her leave to submit an amended complaint within 20 days. If she believes that her rights have been violated or has any other basis for this Court's subject matter jurisdiction, she must describe the specific incident or incidents, including dates, and name the individuals whom she believes to have been personally responsible for causing any harm under any federal statute. For her Social Security claim, plaintiff should ensure that she has first followed the proper procedure at the administrative level – including requesting a hearing from an Administrative Law Judge within the Department of Social Security, and if denied relief by the Administrative Law Judge, filing an appeal with the Appeals Council. Plaintiff is reminded that an amended complaint completely replaces the original complaint.

## **CONCLUSION**

For the reasons discussed above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3), with leave to file an amended complaint within 20 days of the date of this order. The amended complaint must be captioned, "Amended

Complaint," and shall bear the same docket number as this order (19-cv-5305). If plaintiff does not file an amended complaint within 20 days, the complaint shall be dismissed and judgment shall enter. No summons shall issue at this time, and all further proceedings shall be stayed for 20 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                           _____
                                                                                                                                 U.S.D.J.

Dated: Brooklyn, New York
       September 25, 2019